IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIODUN BASHORUN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 06-1308 |
| ) | |
| LILLIAN C. PARKS, ) | Judge Thomas M. Hardiman/ |
| ) | Magistrate Judge Amy Reynolds Hay |
| Defendants ) | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the case be transferred to the United States District Court for the District of Maryland.

REPORT

Abiodun Bashorun (Plaintiff) is a federal prisoner who has filed this civil action against Lillian Parks, who is his former wife and apparently, a citizen of Maryland. Plaintiff is currently incarcerated in the Moshannon Valley Correctional Institution, which is located in Philipsburg, Pennsylvania, 16866. See Doc. 3-1 at 2. Plaintiff alleges in his complaint that he is an immigrant and Lillian Parks had threatened him that if he ever left her, she would contact the immigration authorities and tell them that he married her solely in order to acquire a green card. Some time ago, Plaintiff and Lillian divorced. Lillian has written a letter to the immigration authorities, which Plaintiff attached to his complaint. In that letter, Lillian alleged that Plaintiff has several aliases, that he married in order to acquire a green card, that he failed to support the child he fathered with Lillian, that he was convicted of two crimes while in the United States and that he is involved in credit card fraud and IRS fraud. The letter appears to have been written in 1987 according to the somewhat illegible date stamp on it. Sometime after 2002, when Plaintiff wrote to the immigration authorities to find out what was holding up the processing of his green

card, he discovered this letter written by Lillian. Plaintiff complains that Lillian has lied about him in the letter, defamed him and libeled him. He seeks by way of relief to have her respond to his allegations in the complaint, or have default judgment entered against her.

It is unclear what the jurisdictional basis of this suit is. What is clear though, regardless of the jurisdictional basis, venue is not proper in the Western District of Pennsylvania as there is no connection with this District.

The only apparent connection with Pennsylvania is that Plaintiff is currently incarcerated in Pennsylvania as a federal prisoner. However, because the Moshannon Valley Correctional Institution, located in Philipsburg, Pennsylvania, is within the territorial boundaries of the Federal District Court for the Middle District of Pennsylvania, and this case has no connection with the Western District, the case should not have been filed in this District because venue is not proper here. See, e.g., National Union Fire Ins. Co. Of Pittsburgh v. American Pipe Fabricators, Inc., No. Civ.A.04-2755, 2005 WL 1155858 (E.D.La. May 10, 2005)(transferring case to another venue where none of the facts giving rise to the complaint occurred in the District where the case was originally filed and none of the defendants resided in that District).

**Relevant Factual and Procedural History**

Plaintiff has filed a motion to proceed in forma pauperis (IFP) in order to pursue this civil action against Lillian Parks, his former wife. See Doc. 1-1. Although the IFP motion has been granted, the complaint has not yet been served. Plaintiff is incarcerated in the Moshannon Valley Correctional Institution, and it is located in Philipsburg, Pa. See Doc. 1-2. The complaint complains of actions taken by Lillian Parks who apparently lives in Maryland and never lived in

Pennsylvania. This court takes judicial notice of the Bureau of Prisons website which confirms that Moshannon Valley Correctional Institution is located in Philipsburg, Pa.[1]

**Venue**[2]

The only potentially applicable venue provisions are as follows:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391. Here, it is clear that the sole defendant in this suit is Lillian Parks and she, according to the complaint, resides in Suitland, Maryland. Furthermore, according to the complaint, a substantial part of the events or omissions giving rise to the claim occurred in

---

[1] The BOP's website, showing the address of Moshannon Valley facility is at

http://www.bop.gov/DataSource/execute/dsFacilityAddressLoc?start=y&facilityCode=MVC

[2] The issue of venue may be raised sua sponte by a court. See Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996). To the extent that such action by a court requires notice to the Plaintiff and an opportunity to be heard before a transfer on grounds of venue, the procedure of issuance of this report and recommendation and the opportunity to file objections provides the necessary notice and opportunity to be heard. See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998)("Here, the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, *1 (6th Cir. 1998)(same).

Maryland, that is to say, Maryland is where Lillian wrote the letter and from where she sent it to the immigration authorities. This court takes judicial notice of the fact that Suitland, Maryland is located in the judicial district of Maryland.

Either because a "substantial part of the events occurred" in the District of Maryland or because the sole defendant resides there and is presumably amenable to process there, venue was proper therein and, hence, the action could have, and should have originally been commenced there.

A District Court is granted discretion to sua sponte transfer cases by 28 U.S.C. § 1404(a) which provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." See Robinson v. Town of Madison, 752 F.Supp. 842, 846 (N.D. Ill. 1990)("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

Thus, the court is presented with the question of whether transfer to the District of Maryland is "for the convenience of the parties and witnesses [and] in the interest of justice." In performing this analysis, the courts may rely upon traditional venue considerations. See Torres-Nevas v. Ashcroft, NO. 02 CV 1745, 2003 WL 21143067, *3 (E.D.N.Y. April 27, 2003).

> In determining whether to transfer a case pursuant to § 1404(a),
>
> courts have considered a host of factors that flesh out the considerations enunciated in the statute (convenience of parties, convenience of witnesses, and the interest of justice). The analysis is flexible and must be made on the unique facts of each case. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50(1981); *Van Dusen*, 376 U.S. at 623. In *Gulf Oil v. Gilbert*, 330 U.S. 501 (1946), the Supreme Court listed two sets of factors that should be considered in deciding a transfer request. The *Gulf Oil* factors fall into two broad categories. One category is factors relating to the private interests of the parties to the litigation, including: the plaintiff's choice of forum, ease of access to sources of proof, availability of compulsory process over unwilling witnesses, obstacles to a fair trial and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at 508. The other category consists of factors involving the

> public interests in administration of the courts and adjudication of cases, including: court congestion and other administrative difficulties, placing the burden of jury duty on those having the closest ties to the action, local interests in having cases adjudicated at home, and familiarity of the forum court with the applicable law. *See id.* at 508-09.

Calkins v. Dollarland, Inc., 117 F.Supp.2d 421, 428 (D.N.J. 2000) (footnote omitted).

Having given due consideration to all of the above factors, including the fact that none of the actions of which Plaintiff complains occurred in this, the Western District of Pennsylvania, nor is Plaintiff housed in the Western District of Pennsylvania, and in fact, this District appears to have nothing to do with the operative facts in the complaint, it is this court's considered opinion that the above enumerated factors weigh in favor of transferring this case to the United States District Court for the District of Maryland. See, e.g., Webber v. United States, No. EP-03-CA-193-PRM, 2003 WL 23272380, *1 (W.D.Tex. Aug. 29, 2003) ("Plaintiff's claims alleging interference with his First Amendment rights, wrongful denial of his prison industries job, race discrimination, extortion and retaliation arose out of events that occurred at FCI Big Spring, Texas, located within the Abilene Division of the Northern District of Texas. Other than Plaintiff's subsequent transfer to FCI La Tuna, this District has no relationship to the present case, and venue is not proper here.").

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                            Respectfully submitted,

                                            /s/ Amy Reynolds Hay
                                            AMY REYNOLDS HAY

                                            United States Magistrate Judge

Dated: 5 January, 2007

cc:    The Honorable Thomas M. Hardiman
       United States District Judge

       Abiodun Bashorun
       09165-424
       M.V.C.C. Unit B-4
       P.O. Box 2000
       Philipsburg, PA 16866